UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-81138-CIV-COHN/SELTZER

UNITED STATES OF AMERICA ex rel. JAMES
G. BEEKMAN,

    Plaintiff,

v.

INDYMAC FEDERAL BANK, F.S.B., et al.,

    Defendants.
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** is before the Court upon Defendant OneWest Bank N.A.'s Motion to Dismiss [DE 102] ("Motion"). The Court has reviewed the Motion and the record in this case, and is otherwise advised in the premises. For the reasons discussed herein, the Court will grant the Motion and dismiss this case.

### I.   BACKGROUND

Plaintiff James G. Beekman commenced this action on October 16, 2012, as a *qui tam* suit, alleging that Defendants had violated the False Claims Act, 31 U.S.C. § 3729, *et seq.* See DE 1. After the Government declined to intervene in the suit, Defendant OneWest Bank N.A. ("OneWest") moved to dismiss, arguing that the Court lacked subject-matter jurisdiction and that Beekman's suit was insufficiently pled. See DE 50.

Beekman conceded that his original complaint was "so disorganized, vague and ambiguous" that Defendants could not reasonably be expected to prepare a response.

DE 75 at 3. Beekman thus requested an opportunity to amend his pleading, which the Court granted. See DE 78.

Beekman filed an Amended Relator's Complaint on July 24, 2014. See DE 79. OneWest again moved to dismiss. DE 86. The Court granted OneWest's motion, and dismissed the Amended Relator's Complaint for failure to satisfy the applicable pleading standard. DE 93. The Court allowed Beekman another opportunity to amend, but warned that this opportunity would be his last. Id. at 2. Accordingly, on January 22, 2015, Beekman filed his operative amended pleading. See DE 95 ("Second Amended Complaint"). OneWest responded with its Motion, again seeking dismissal of Beekman's claim.

## II.  DISCUSSION

In the Motion, OneWest argues that Beekman has failed to satisfy the applicable pleading standards, and that the False Claims Act's public-disclosure bar forecloses his suit. The Court agrees with OneWest that Beekman has failed to plead his claim as required by Rule 9(b) of the Federal Rules of Civil Procedure. The Court therefore will grant OneWest's Motion, and will dismiss the Second Amended Complaint. Because Beekman already has enjoyed multiple opportunities to correct any pleading deficiencies, the Court will dismiss his latest pleading with prejudice.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court shall grant a motion to dismiss where the factual allegations of the complaint cannot support the asserted cause of action. Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations must give a defendant fair notice of the plaintiff's claims and the grounds

2

upon which they rest. Id. Rule 8(a)(2), which sets forth the applicable standard for notice pleading, specifically requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Moreover, Rule 9(b) requires any plaintiff suing under the False Claims Act to plead with particularity the submission of false or fraudulent claims to the Government. United States ex rel. Clausen v. Lab. Corp. of Am., Inc., 290 F.3d 1301, 1310–11 (11th Cir. 2002); United States ex rel. Keeler v. Eisai, Inc., 568 F. App'x 783, 793 (11th Cir. 2014) (per curiam). A False Claims Act plaintiff "must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." Lab. Corp. of Am., Inc., 290 F.3d at 1310–11 (internal quotation marks omitted).

As OneWest has noted in its Motion, Beekman has not alleged the circumstances of any specific false or fraudulent claim with the requisite detail. In response to OneWest's contentions, Beekman argues that the following statement pleads the circumstances fraud with specificity: "The purchase and sale agreement entered into between One West and the FDIC on March 19, 2009 shows that no consideration was paid for the mortgage loans by Defendant, One West Bank, FSB, nor were any actual loans specifically transferred to One West." DE 105 at 5 (quoting 2d Am. Compl. ¶ 15). But this allegation does not describe any specific false statement or claim by OneWest, or by any other Defendant.

In opposition to the Motion, Beekman also references a handful of other paragraphs in his pleading which he maintains "explain[] the detail of how exactly how [sic] One West put itself in the position to submit the false claims." Id. at 5–8 (citing 2d

Am. Compl. ¶¶ 16–20, 38, 43, 45–46, 50–57, 59, 61–63). Unfortunately for Beekman, the cited paragraphs contain broad assertions of wrongdoing against Defendants that do not describe the circumstances of any specific false statement or submission—such as particular content, source, and timing—in a manner that would satisfy Rule 9(b). See Lab. Corp. of Am., Inc., 290 F.3d at 1311–12.[1]

In short, Beekman has failed to plead his cause of action under the False Claims Act with the detail required by Rule 9(b). Beekman's Second Amended Complaint therefore will be dismissed. Because the Court has already afforded Beekman multiple opportunities to replead, this dismissal will be with prejudice. See Lampkin-Asam v. Volusia Cnty. Sch. Bd., 261 F. App'x 274, 276–77 (11th Cir. 2008) (per curiam) (affirming dismissal with prejudice after multiple failures to satisfy pleading standard).[2] It is accordingly

**ORDERED AND ADJUDGED** that Defendant OneWest Bank N.A.'s Motion to Dismiss Third Amended Complaint [DE 102] is **GRANTED**. This action is **DISMISSED with prejudice**. The Clerk of Court is directed to **CLOSE** this case and **DENY** any pending motions as moot.

---

[1] Beekman does allege that an individual apparently affiliated with Defendants improperly executed a backdated assignment of his mortgages from Defendant IndyMac Federal Bank, F.S.B. to OneWest on April 19, 2010. 2d Am. Compl. ¶ 50. However, Beekman does nothing to link this alleged fraud that appears related to his foreclosure proceedings to a specific false or fraudulent submission to the Government, such as would be necessary to plead a violation of the False Claims Act under Rule 9(b). See Eisai, Inc., 568 F. App'x at 793–98.

[2] Because Beekman's failure to plead with particularity is dispositive of this action, the Court does not reach OneWest's additional arguments for dismissal.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 7th day of July, 2015.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF